## PARR *vs.* THE STATE OF GEORGIA.

1. Upon the plea that a person whose name was indorsed upon the indictment as the prosecutor was not in fact so, and that this had been done without his knowledge or consent, the charge was proper and the verdict was authorized by the evidence.

(*a.*) There was no error in charging on this issue, under such a plea in abatement as follows: "If the fact is that this gentleman, whose name is indorsed on the bill of indictment as the prosecutor, was the person assaulted; that he furnished the testimony in part upon which the grand jury found a true bill; if he authorized those proceedings in that way, it would be sufficient, in the absence of any disclaimer on his part; in other words, it is not necessary that he should have given directions to the solicitor general to prepare this bill of indictment, or that he should have authorized him in express terms to put his name on the back of it. If it is done with his consent, if it is done without any disclaimer on his part, if he was the party assaulted, and if he furnished the testimony in part upon which the indictment was found, it is sufficient; and if these be the facts, you should find against the plea in abatement."

2. On the issue of guilt or innocence, the charge was full and fair, and the evidence supported the verdict.

Judgment affirmed.

December 2, 1884.

BLANDFORD, Justice.

---

## RENFROE *vs.* WYNNE.

1. After a verdict had been rendered in a case in favor of the plaintiff, and after the defendant had made a motion for a new trial, but during the term of court at which the trial was had, the plaintiff presented and had certified by the presiding judge what purported to be exceptions taken *pendente lite* to certain rulings made and certain charges given and refused during the trial. A new trial was granted, and plaintiff excepted. In the Supreme Court, counsel for plaintiff in error moved to assign error on the rulings set out in the exceptions so tendered and certified:

*Held*, that such exceptions were not *pendente lite* within the meaning of the law, and the motion to assign error must be refused. The intention of the legislature was to make exceptions *pendente lite* interlocutory, while the bill of exceptions, on which a writ of error was to be prosecuted and returned to this court, would lie only to